José V. Usera, Plaintiff and Appellant, *v.* Jorge Bird Arias et al., Defendants and Appellees.

No. 4658.   Argued January 23, 1929.—Decided July 23, 1929.

*Henry G. Molina, M. León Parra* and *A. E. Molina,* for appellant. *Arturo Aponte* and *Jaime Sifre, Jr.,* for appellees.

Mr. Justice Hutchison delivered the opinion of the court.

On March 7, 1928, José V. Usera wrote to the Fajardo Sugar Company of Porto Rico at Fajardo as follows:

"Dear Sirs: As a stockholder of your Company I am interested in examining the stock books thereof, particularly the certificate book and the stock registrar (*sic*) and I would appreciate your advising where the books of the Company are kept and at what time it would be convenient for you that I examine the same. I will take with me the certificate issued in my name so as to establish my status as a stockholder of your Company.—Thanking you in advance, I beg to remain, Yours very truly—(signed) José V. Usera.   JVU/LRA."

This was followed by a letter dated March 13th, which reads thus:

"Dear Sirs: I wrote you on the 7th instant as per copy enclosed. Not having had an answer, I assume you did not receive the original and for this reason am sending this registered.—Yours very truly, (signed) José V. Usera. JVU/LRA."

On March 23rd Usera applied for a mandamus and obtained an alternative writ. The district court, after a hearing, quashed the alternative writ and dismissed the action.

The statement of the case and opinion filed by the district judge proceeds upon the theory of a failure on the part of plaintiff to show that the vice-president and general manager of the corporation was the agent in charge of the principal office and of the books referred to in sections 12 and 20 of the Corporation Law. The district judge also held that the letters addressed to the Fajardo Sugar Company, not to the defendant Jorge Bird Arias nor shown to have been received by him, were not a sufficient demand, and that such demand must be made by a personal appearance during office hours at the place where the books are kept.

Sections 12 and 20 of the Corporation Law, sections 418 and 426 of the Compiled Statutes of 1911, are as follows:

"Sec. 12.—Directors' Meetings.—If the by-laws or articles of incorporation so provide, the directors of any corporation organized under this act may hold their meetings and have an office and keep the books of the corporation, except the stock and transfer books, outside of the Island of Porto Rico: *Provided, however,* That every such corporation shall maintain a principal office in the island and have an agent in charge thereof, wherein shall be kept the stock and transfer books for the inspection of all who are authorized to see the same and for the transfer of stock. Upon proper cause shown, any district court of the island may summarily order any or all of the books of the said corporation to be forthwith brought into the Island of Porto Rico and kept therein at such place and for such time as may be designated in such order, and the charter of any corporation failing to comply with such order may be declared forfeited by the court making it, and it shall thereupon cease to be a corporation and

all its directors and officers shall be liable to be punished for contempt of court for disobedience of such order.''

''Sec. 20.—Transfer Books.—Every corporation organized under this act shall keep at its principal office in the Island of Porto Rico transfer books, in which the transfer of shares of stock shall be registered, and stock books which shall contain the names and addresses of the stockholders and the number of shares held by them, which shall at all times during the usual hours of business be opened to the examination of any stockholder. At least ten days before every election of directors or officers after the first, the directors shall cause the secretary, or other officer designated by them, having charge of such books, to make a full, true and complete list, in alphabetical order of all the stockholders, entitled to vote at the ensuing election with the residence of each and the number of shares held by each. This list shall at all times during the usual hours of business be kept opened to the examination of any stockholder at the principal office of the corporation in the Island of Porto Rico, and any corporate officer having charge of such books or list who shall, upon the demand of any stockholder, refuse or neglect to submit them to examination, shall for each such offense, forfeit the sum of two hundred dollars, to be recovered by an action in any district court, of which one hundred dollars shall be for the use of the People of Porto Rico, and the remainder, together with the costs of the suit shall be for the use of him who sues for the same. The books aforesaid shall be the only evidence as to who are the stockholders entitled to examine such books or list and to vote at such elections. The board of directors shall produce at the time and place of such election such books and lists, there to remain during the election, and the neglect or the refusal of the said directors to produce the same, shall render them ineligible to any office at such election. Any stockholder whose name shall be excluded from such a list may, upon proper notice, obtain a summary order from the district court within whose jurisdiction the principal office is situated directing that his name be placed upon the list aforesaid.''

We do not find anything in either of the foregoing sections which militates against the idea of a demand by mail. Such a demand gives the corporation ample opportunity to ascertain whether or not the applicant is in fact a stockholder of record, to consult its attorney as to any question of law involved and to fix a day and hour that will not in-.

terfere with the transactions of the ordinary business of the corporation. A demand in writing also avoids any controversy about what was said or done by the respective parties, such as usually arises in the event of an oral request. Ordinarily a demand by mail is sufficient. 2 Cook on Corporations, 1396, sec. 515. Failure to act, extending over an indefinite period after the making of a proper demand, is tantamount to a refusal of the demand. 14 C. J. 861, 862, sec. 1313; *Cobb* v. *Lagarde,* 30 S. 326.

Here the corporation remained silent for more than three weeks, notwithstanding a second request made by registered mail within ten days after the first. Such a delay unexplained amounted to a refusal, and the demand as made by mail was enough.

Among the disputable presumptions established by section 102 of the Law of Evidence are the following:

"20. That the ordinary course of business has been followed.

"24. That a letter duly directed and mailed was received in the regular course of the mail.

"27. That things have happened according to the ordinary course of nature and the ordinary habits of life."

The only resident directors of the corporation are Rafael A. Veve, Jorge Bird Arias, Eladio J. Candal, Jaime Sifre, Jr., and Clifford A. Bellows. All of these except Sifre live in Fajardo. Sifre resides in San Juan and, upon his statement made to counsel for plaintiff that the books were not in his possession, the proceeding was abandoned as to him. The other defendant, Jorge Bird Arias, did not appear at the hearing below, but in response to a *subpoena duces tecum* claimed his exception under section 114 of the Law of Evidence which provides that—

"A witness is not obliged to attend as a witness before any court, judge, justice, or any other officer out of the district in which he resides, unless the distance be less than thirty miles from his place of residence to the place of trial."

Of the officers named in the annual report filed in March,

1928, Jorge Bird Arias, vice-president and general manager, is the only resident of this Island. The principal office of the corporation is in Fajardo. If the books were not in the immediate possession of the defendant, Bird Arias, the agent in charge thereof was presumably a subordinate official or employee under the general direction, supervision and control of the vice-president and general manager. The letters in the usual and ordinary course of office routine should have reached either the vice-president and general manager or the agent in charge of the books. Notice to either was constructive notice to the other. If Bird Arias was not the agent in charge of the books it was incumbent upon him to disclose the identity of that agent.

The judgment appealed from must be reversed and the case remanded for further proceedings not inconsistent herewith.